**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

MICHAEL HAYS AND JANICE HAYS          CIVIL ACTION NO. 15-2134

VERSUS                                JUDGE ELIZABETH E. FOOTE

DR. DONALD SMITH, ET AL.              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court are three motions to dismiss.

The first motion was filed by the United States. Record Document 3. The United States urged dismissal of Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and under Rule 12(b)(7), for failure to join a party under Rule 19. Id. Plaintiffs subsequently filed an amended complaint joining the missing party (Record Document 10), and the United States withdrew its argument under Rule 12(b)(7). Record Document 16. Because the United States filed a second motion to dismiss that incorporates by reference the 12(b)(1) argument (Record Document 16), the first motion to dismiss [Record Document 3] is **DENIED AS MOOT**.

The second motion to dismiss was also filed by the United States. Record Document 16. The United States re-urged dismissal of Plaintiffs' amended complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, or alternatively under Rule 12(b)(6) for failure to state a claim. After limited discovery was permitted and conducted by the parties, the United States determined that Dr. Richard Menger ("Dr.

Menger"), a medical resident, was providing care at Overton Brooks V.A. Medical Center ("OBVAMC") in the scope of federal employment. The United States substituted itself for Dr. Menger and withdrew its claims based on the care provided by Dr. Menger.  Record Documents 35, 36, and 37. Dr. Menger was terminated from the case. Record Document 36. For the reasons discussed below, the United States' motion to dismiss [Record Document 16] is **GRANTED IN PART**, as follows: (1) all claims against the United States for the conduct of Dr. Donald Smith ("Dr. Smith") are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction; (2) the negligent hiring, entrustment, and credentialing claims against the United States are **DISMISSED WITHOUT PREJUDICE** as premature; and (3) Plaintiffs' FTCA claims against OBVAMC, the Department of Veterans Affairs, and any federal employees who were "supervisors, employers, or masters" are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. The motion is **DENIED IN PART** with respect to the claims against the United States for the conduct of Dr. Menger.

The third motion to dismiss was filed by Defendants Dr. Smith, Dr. Menger, and the Board of Supervisors of Louisiana State University Agricultural and Mechanical College d/b/a Louisiana State University Health Sciences Center ("LSU"). Record Document 22. These defendants argue that the amended complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because of Eleventh Amendment sovereign immunity, or in the alternative, for lack of diversity jurisdiction. Defendants also argue that the amended complaint should be dismissed

under Rule 12(b)(6) for failure to exhaust administrative remedies. For the reasons discussed below, the Court **GRANTS IN PART** the motion to dismiss filed by LSU and Dr. Smith [Record Document 22]. Plaintiffs' claims against LSU are **DISMISSED WITH PREJUDICE** because LSU is immune from suit under the Eleventh Amendment, the FTCA claims against Dr. Smith are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction, and the state law medical negligence claims against Dr. Smith are **DISMISSED WITHOUT PREJUDICE** as premature because Plaintiffs have failed to submit any evidence of having properly submitted their claims against Dr. Smith to a state medical review panel as required by Louisiana law. The Motion is **DENIED AS MOOT** with respect to the arguments made by Dr. Menger, who has been terminated from the case. Record Document 36.

The only claim surviving the motions to dismiss is Plaintiffs' FTCA claim against the United States for the conduct of Dr. Menger.

## I.    <u>Factual and Procedural Background</u>

Michael Hays underwent spinal surgery on August 6, 2013 at OBVAMC in Shreveport, Louisiana.  Record Document 10, p. 18.  The treating surgeons were Dr. Smith and Dr. Menger.  <u>Id.</u>  Michael Hays experienced numbness and a loss of function in his left arm following the surgery.  <u>Id.</u> at 19.  He underwent additional surgery in an attempt to alleviate these symptoms on August 21, 2013.  <u>Id.</u> at 19–20.  The surgeons present for the second surgery were Dr. Menger, Dr. Smith, and Dr. Osama Ahmed.  <u>Id.</u> at 20.  Plaintiffs allege that Michael Hays has "suffered lifelong residual neurological

deficits resulting from the surgeries performed" on August 6 and August 21.  Id.

Plaintiffs filed suit on August 4, 2015.  Record Document 1.  They seek damages for

those alleged injuries and for future costs from Dr. Smith, Dr. Menger, the United

States, the Department of Veterans Affairs, OBVAMC, and "any and all supervisors,

employers, and masters responsible for the actions" of Dr. Smith and Dr. Menger.

Record Document 10, p. 1.  Plaintiffs also seek damages for alleged loss of income,

consortium, service, and society.  Id. at 22.

Although Plaintiffs' amended complaint does not clearly set forth individual

causes of action, nor does it specify which claims are brought against which defendants,

all of Plaintiffs' claims appear to be brought under the FTCA, 28 U.S.C. §§ 1346 & 2674,

as follows: (1) against the United States, OBVAMC, Dr. Smith, and Dr. Menger on the

theory that Dr. Smith and Dr. Menger were negligent in their provision of care, Id. at 3-

4; (2) against the United States, OBVAMC, and any other responsible "supervisors,

employers, or masters" for negligent hiring or supervision of Dr. Smith and Dr. Menger,

Id. at 17; and (3) against LSU and Dr. Smith for negligent medical care, Id. at 2.

The United States filed a motion to dismiss under Rules 12(b)(1), for lack of

subject matter jurisdiction, and under Rule 12(b)(7), for failure to join LSU as a party.

Record Document 3-1.  Plaintiffs then amended their complaint, joining LSU as a party,

and mooting the United States' 12(b)(7) argument.  Record Document 10. The Court

looks to Plaintiffs' amended complaint for the alleged facts supporting Plaintiffs' claims

because the original complaint has been superseded.  See 6 Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed.) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case.").

The United States filed a second motion to dismiss the amended complaint, reiterating its arguments under Rule 12(b)(1), withdrawing its argument under Rule 12(b)(7), and adding an argument for dismissal under Rule 12(b)(6).  Record Document 16.  Plaintiffs have not responded to that second motion.  After determining that Dr. Menger is an employee of the government, the United States withdrew its request for the dismissal of claims based on the care provided by Dr. Menger.  Record Documents 23 and 26. LSU, Dr. Smith, and Dr. Menger filed a joint motion to dismiss under Rules 12(b)(1) and 12(b)(6). Record Document 22-1.  Plaintiffs opposed this motion, Record Document 30, but LSU has not responded. Because the United States substituted itself for Dr. Menger and Dr. Menger was terminated from the case, the Court considers this motion as urged only by LSU and Dr. Smith.

LSU and Dr. Smith argue in their motion to dismiss that this Court lacks subject matter jurisdiction because LSU is entitled to Eleventh Amendment sovereign immunity. Alternatively, Defendants argue that this Court would lack diversity or federal question subject matter jurisdiction over this action if the Court granted the United States' motions to dismiss and all claims brought under the FTCA were dismissed.  Record Document 22, pp. 3–5.  Finally, LSU and Dr. Smith argue that this Court should dismiss the claims against them under 28 U.S.C. § 1367(c)(3) in the event that all claims over

which the Court had original jurisdiction were dismissed.  Id. at 4–5. Because Plaintiffs'

FTCA claim against the United States for the conduct of Dr. Menger is not dismissed,

these alternative grounds are moot.

The Court's resolution of the above motions was necessarily delayed by the

limited discovery permitted the parties and by the extension of deadlines for

supplemental memoranda on all pending motions.  See Record Documents 31 and 34.

Despite these significant delays, the parties neglected to supplement their support for

or opposition to these pending motions.

**II.**    **Law and Analysis**

The Court is faced with several overlapping legal and factual questions arising

out of these three motions to dismiss, and considers these arguments as they apply to

each defendant in turn.

A.     Claims Against the United States For The Actions of Dr. Smith

Plaintiffs assert that under the FTCA, the United States is liable for the allegedly

negligent medical care provided by Dr. Smith. Plaintiffs contend that because of his

work at OBVAMC, Dr. Smith is a federal employee, while the United States argues that

Dr. Smith is an independent contractor and therefore that the FTCA does not apply and

the United States is immune from suit. Record Documents 3-1, pp. 4–6; 16-1, pp. 3–5.

"It is elementary that the United States, as sovereign, is immune from suits save

as it consents to be sued ... and the terms of its consent to be sued in any court define

that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535,

538 (1980).  The FTCA provides the required consent in cases of "injury or loss of property...caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. 1346(b)(1); see McLaurin v. United States, 392 F.3d 774, 777 (5th Cir. 2004). Because the FTCA waives the United States' sovereign immunity, it must be strictly construed. Linkous v. United States, 142 F.3d 271, 275 (5th Cir. 1998).

The FTCA waives sovereign immunity for the acts of federal employees, but not for the acts of independent contractors. See, e.g., Creel v. United States, 598 F.3d 210, 213 (5th Cir. 2010); Peacock v. United States, 597 F.3d 654, 659 (5th Cir. 2010).  The "'critical factor in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed physical performance of the individual.'" Mantiply v. United States, 634 Fed. App'x 431, 433 (5th Cir. 2015) (quoting Linkous, 142 F.3d at 275).  The Fifth Circuit examines several factors to determine whether an individual is an employee or an independent contractor for purposes of the FTCA:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
>
> (b) whether or not the one employed is engaged in a distinct occupation or business;
>
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
>
> (d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

Peacock, 597 F.3d at 659.

      To determine whether Dr. Smith is an employee or an independent contractor, this Court refers to the facts asserted in Plaintiffs' amended complaint, Record Document 10, and to the undisputed contracts and affidavits attached to the United States' motions to dismiss.  See Abraco, Inc. v. Bossclip B.V., 570 F.3d 233, 238 (5th Cir. 2009) (for purposes of motions to dismiss under Rule 12(b)(1), "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments . . . [including] any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.") (internal quotations and citations omitted).

      The submissions of the parties show that the Department of Veterans Affairs and LSU had a contract under which LSU would provide medical services at OBVAMC in exchange for a fee.  See Record Document 3-2, pp. 6–88. Plaintiffs refer to the contract

between OBVAMC and LSU but have not filed any additional evidence to support their "employee" contention.  See Record Documents 10 and 15.  The United States has supplied the Court with a copy of the original contract, additional adjustments to the contract, and two affidavits of Hilda Risty, a contracting specialist at OBVAMC, and one from Dr. Robert Lukeman, the Associate Chief of Staff at OBVAMC.  Record Documents 3-2, 3-3, and 13-2.  Plaintiffs make an argument that the contract at issue may not have been in effect at the time of Michael Hays' surgeries in August 2013, but offer no evidentiary support for this contention.  Record Document 15, pp. 19–21.  Given the effective dates of the contracts submitted by the United States, the undisputed evidence indicates that the contract between the Department of Veterans Affairs and LSU was in force at the time of Michael Hays' procedures. Record Documents 3-2, p. 3; 13-2, pp. 1 and 4.  Accordingly, that contract and its amendments will be used by the Court to determine whether Dr. Smith was a federal employee at the time of Michael Hays' procedures.

Plaintiffs argue that Dr. Smith should be considered an employee of the federal government because of the following facts regarding his responsibilities at OBVAMC:

(i)     OBVAMC determined the schedule of the physicians in several ways, including that physicians were required to be "on-call" at all hours and provide at least four clinic hours weekly;

(ii)    the physicians were required to provide inpatient and outpatient care at OBVAMC;

(iii)   the physicians were required to provide instruction to neurosurgery residents at OBVAMC;

(iv)    the physicians were required to follow certain OBVAMC protocols for recording patient information, consults, and reports;

(v)     the physicians were required to attend certain orientation and training activities at OBVAMC;

(vi)    the contract stated that the physicians must comply with federal law, regulations and policy;

(vii)   services provided by the physicians were under the direction of the Chief of Staff at OBVAMC; and

(viii)  OBVAMC possessed the power to remove an "employee" of LSU from the facility by requesting LSU to do so if that "employee" failed to comply with medical center policies or applicable regulatory or accrediting standard.

See Record Document 15, pp. 24–29.  On the other hand, the United States points to (i) the high degree of skill and specialization required to be a neurosurgeon, (ii) the fact that, other than at an administrative level, the professional services rendered by Dr. Smith were not supervised at OBVAMC, (iii) the fact that the contract was relatively short (one year) and then renewed at later dates for similar periods, (iv) the fact that the contract expressly identified the doctors to be supplied by LSU as independent contractors, and, finally, (v) the fact that payment was on a fee-for-service basis. Record Document 3-1, p. 6.

A wealth of Fifth Circuit precedent has held that doctors contracted to provide services at veteran's and military medical facilities are independent contractors. In Creel, the Fifth Circuit was faced with the question of whether an orthopedic surgeon was an independent contractor or a federal employee under the terms of his contract and the circumstances of his practice at a VA medical center in Mississippi.  598 F.3d at

211–12.  As a surgeon, the doctor was found to have a distinct occupation, requiring a high degree of skill, performed typically by a specialist without supervision.  Id. at 214. While the doctor "was required to follow several VA rules and procedures and was supervised by the Chief of Staff and Chief of Surgical Service," they did not oversee the doctor's "daily rendition of medical services" or override his professional medical judgment.  Id.  The court concluded, therefore, that factors (a) through (d) weighed in favor of the surgeon being an independent contractor.  Id.  On the other hand, the Fifth Circuit found that factors (e), (g), (h), and (j) supported a finding that the surgeon was an employee, because the VA provided his instrumentalities, tools, and the facility; he was paid a set contract price based upon the hours he was present Monday through Friday between 8:00 AM and 4:30 PM, with an additional fee for hours he worked in excess of his regular schedule; and because the VA was engaged in the business of providing a wide range of medical services, including orthopedic surgery.  Id.  The Fifth Circuit found that the contract between the VA and the surgeon was for no more than one and a half years and concluded that this "relatively short term" made factor (f) weigh in favor of an independent contractor finding.  Id.  Lastly, factor (i) indicated that the surgeon was an independent contractor because the contract expressly stated that he was and that he was not considered to be an employee of the VA for any purpose. Id. The Court concluded that the surgeon was an independent contractor.

In Mantiply, another surgeon was sued for alleged injuries arising from a procedure at a VA facility in Louisiana.  634 Fed. App'x at 432–33.  Again, the question

before the Fifth Circuit was whether the surgeon was an independent contractor or a federal employee.  Id.  The VA "oversaw [the surgeon's] hours and required that he tell patients about the risks and benefits of procedures."  Id. at 434.  The VA also exercised "administrative level" control over the surgeon.  Id.  However, the control exerted did not reach to the surgeon's medical judgment.  Id.  The orthopedic surgical profession required a high degree of skill.  Id. Also, the contracts referred to the surgeon as an independent contractor and further noted that there was not an employment relationship between the VA and the surgeon.  Id.  Additionally, the surgeon was not on the VA's payroll as an employee, but a fee was paid to another company which in turn paid the surgeon according to that company's own agreement with the surgeon.  Id.

The Fifth Circuit has consistently held that doctors contracted to work in federal medical facilities are independent contractors.  See, e.g., Peacock, 597 F.3d at 659–60 (cardiologist supplied his services to the VA through a 1-year contract, though renewed several times, and was an independent contractor); Linkous, 142 F.3d at 276–77 (obstetrician contracted by an Army hospital was an independent contractor); Broussard, 989 F.2d 171, 175–76 (5th Cir. 1993) (emergency room doctor employed by a third party and contracted to work at an Army hospital was an independent contractor).

The facts presented by Plaintiffs indicate that OBVAMC did exert some control over the time, record keeping, and retention of Dr. Smith's services.  These facts weight factor (e) in favor of a finding that Dr. Smith was an employee of OBVAMC, and are also

relevant to factor (a).  Additionally, OBVAMC is regularly engaged in providing medical services, meaning that factors (h) and (j) point toward an "employee" finding. However, factors (a) - (d), (f), (g), and (i) weigh in favor of a finding that Dr. Smith was an independent contractor.  Dr. Smith's specialty in neurosurgery requires great skill and OBVAMC did not control any aspects of Dr. Smith's professional judgment or services.  See Record Document 3-2, pp. 2–3 (providing that OBVAMC retained "no control over the professional aspects" of services rendered and that the supervising doctor supplied by LSU was to use their own expertise to direct the care of the patient and to determine the oversight necessary for the resident being supervised).  The contract was for a base period of less than one year, with options to renew, which is a relatively short time.  Id. at 1. See Peacock, 597 F.3d at 660 (a renewable term of one year "supports classifying [the doctor] as an independent contractor.").  The method of payment was a fee-for-service arrangement, paid by OBVAMC to LSU, which was then responsible for paying the appropriate doctors, an arrangement which indicates that Dr. Smith was an independent contractor.  Record Document 3-2, pp. 9–11.  See Peacock, 597 F.3d at 660 (the fact that the doctor was paid a fixed amount by a third party and not the VA medical center indicated that he was an independent contractor).  Lastly, the parties in their contract clearly stated that doctors provided by LSU were independent contractors and not employees.  Record Document 3-2, pp. 2–3.  When taken together, the facts weigh heavily in favor of a finding that Dr. Smith was an independent contractor.

This Court finds that Dr. Smith was an independent contractor of the United States in his capacity as a physician working at OBVAMC.  The United States has not waived its sovereign immunity for tort claims which may arise from the actions of its independent contractors.  See Creel, 598 F.3d at 213 ("The FTCA, however, does not cover acts committed by independent contractors.").  Because Dr. Smith was an independent contractor for the United States, all claims against the United States for the conduct of Dr. Smith must be dismissed with prejudice.

B.    Claims Against The United States For Negligent Hiring, Entrustment, and Credentialing

Plaintiffs also bring claims under the FTCA against the United States for alleged negligent hiring, entrustment, and credentialing of Dr. Smith and Dr. Menger. Record Document 10, pp. 4–5, 13, 17. The United States seeks dismissal of these claims under Federal Rule of Civil Procedure 12(b)(1) on the grounds that Plaintiffs' administrative claim provided insufficient notice of claims for negligent hiring, entrustment, or credentialing.  Record Document 16, pp. 6–9.  Plaintiffs have not opposed dismissal on these grounds.

Before an FTCA claim may be filed in federal court, the claim must first be presented to the appropriate federal agency.  28 U.S.C. § 2675(a) & (b). Only after the agency has either denied the claim or six months have elapsed may the plaintiff then pursue the claim in federal court.  See Adams v. United States, 615 F.2d 284, 289 (5th Cir. 1980) (finding the prerequisite is satisfied when the plaintiff "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2)

places a value on his or her claim.").  These prerequisites exist "'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.'"  Life Partners Inc. v. United States, 650 F.3d 1026, 1030 (5th Cir. 2011) (quoting Frantz v. United States, 29 F.3d 222, 224 (5th Cir. 1994)).  Plaintiffs are not required to specifically list each potential legal theory of recovery in their administrative claims.  Id.  Rather, plaintiffs must simply provide enough facts so that a government investigation into the facts alleged would reveal the theories of liability ultimately pursued by the plaintiffs.  Id.  For instance, the Fifth Circuit has held that adequate notice of a medical negligence claim should have revealed to the United States the existence of a possible informed consent claim.  Frantz, 29 F.3d at 224.  If plaintiffs fail to adequately notify the appropriate agency as to a particular claim, § 2675 bars the court from exercising jurisdiction over the claim.  Gregory v. Mitchell, 634 F.2d 199, 203–04 (5th Cir. 1981).  This requirement may not be waived.  Id.

Plaintiffs submitted to the OBVAMC, the Department of Veterans Affairs, and others, a claim detailing the procedures Michael Hays underwent, injuries to Michael Hays, and injuries to Janice Hays.  See Record Document 1-2.  However, the filing did not mention the possibility of claims for negligent hiring, entrustment, or credentialing.  As stated above, the United States argues that Plaintiffs' administrative claims did not provide sufficient notice of claims for negligent hiring, entrustment, or credentialing, and seeks dismissal on these grounds under Rule 12(b)(1).

The Court agrees with the United States.  The claims of negligent hiring, entrustment, or credentialing involve an examination of Dr. Smith's and Dr. Menger's qualifications and past acts, of LSU's hiring process, and of OBVAMC's relationship with LSU. Claims of specific acts of medical negligence could not reasonably reveal to the United States the existence of a possible negligent hiring claim.  Accordingly, the negligent hiring, entrustment, or credentialing claims of Plaintiffs against the United States must be dismissed without prejudice as premature.

C.    Claims Against OBVAMC, the Department of Veterans Affairs, and Additional Employees of the United States

In addition to the FTCA claims against the United States, Plaintiffs also assert FTCA claims against OBVAMC, the Department of Veterans Affairs, and any responsible "supervisors, employers, and masters."

Claims brought under the FTCA may only be pursued against the United States, not against any federal agency, executive department, or employee.  28 U.S.C. §§ 2679, 2671; Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). Federal courts, therefore, necessarily lack subject matter jurisdiction over FTCA claims against any defendant other than the United States. See, e.g., Farmer v. Louisiana Elec. And Fin. Crimes Task Force, 553 Fed App'x 386, 388–89 (5th Cir. 2014) ("A plaintiff may only sue the United States if its sovereign immunity is explicitly waived in a federal statute; this is a jurisdictional requirement."); Galvin, 860 F.2d at 183 ("Thus, an FTCA claim against a federal agency or employee as

opposed to the United States itself must be dismissed for want of jurisdiction.").

Plaintiffs have named as defendants in their FTCA claims the Department of Veterans Affairs, OBVAMC, Dr. Menger, Dr. Smith, and any responsible "supervisors, employers, and masters."  Record Document 10, p. 1. Plaintiffs' claims against Dr. Menger are now against the United States after the United States substituted itself for Dr. Menger.  Record Documents 35 and 36.  The Department of Veterans Affairs, OBVAMC, Dr. Smith, and any other individual employees are not proper defendants under the FTCA.  Accordingly, Plaintiffs' FTCA claims against the Department of Veterans Affairs, the OBVAMC, Dr. Smith, and any federal employees who were "supervisors, employers, or masters" must be dismissed with prejudice for lack of subject matter jurisdiction.

    D.    <u>Claims Against LSU</u>

Although the amended complaint fails to specify exactly which claims are brought against which defendants, it appears that Plaintiffs' claims of negligent medical care are also brought against LSU. It is unclear whether these claims are brought under the FTCA or under state law. Regardless, the Court lacks jurisdiction to consider the claims.

The Eleventh Amendment to the United States Constitution prohibits suits for damages by a citizen of a state against that state. U.S. CONST. amend. XI; <u>Alden v. Maine</u>, 527 U.S. 706 (1999). "The 'ultimate guarantee of the Eleventh Amendment,' . . . is that a non-consenting State may not be sued in federal court by private individuals, including its own citizens." <u>Vogt v. Bd. of Comm'rs of the Orleans Levee Dist.</u>, 294 F.3d

684, 688 (5th Cir. 2002) (quoting Bd. Of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001)).  Eleventh Amendment immunity extends to those entities or persons which are an alter ego or an "'arm of the State.'"  Id. at 689 (quoting Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997)).

LSU argues that it is an arm of the State of Louisiana and is "entitled to the protection afforded the states by the Eleventh Amendment," and that Plaintiffs' claims against it should be dismissed.  Record Document 22-1, p. 3.  Courts in this Circuit have repeatedly held that the Board of Supervisors of LSU and LSU's medical centers are arms of the State entitled to Eleventh Amendment immunity.  See, e.g., Scott v. Bd. of Supervisors, 336 F.2d 557, 558–59 (5th Cir. 1964); Hicks v. Page, 2010 WL 2243584, *2 (W.D. La. 2010), report and recommendation of the Magistrate Judge adopted, 2010 WL 2246393 (W.D. La. 2010); Boston v. Tanner, 29 F. Supp. 2d 743, 745-47 (W.D. La. 1998); Schuth v. Louisiana State Med. Ctr., 1989 WL 65566, *7–8 (E.D. La. 1989); Dyess v. Louisiana State Univ. Bd. of Supervisors, 2005 WL 2060915, *4 (E.D. La. 2005). Plaintiffs do not object to the claim of Eleventh Amendment immunity.

This Court is presented with no argument to differentiate this case from Fifth Circuit precedent recognizing that LSU is entitled to Eleventh Amendment immunity. Accordingly, the Court follows those cases. Plaintiffs' claims against LSU must be dismissed with prejudice for lack of jurisdiction.

E.    Claims Against Dr. Smith

Plaintiffs couch their medical negligence claim against Dr. Smith as an FTCA claim,

perhaps in an attempt to circumvent the state medical malpractice exhaustion requirements. However, as discussed above and again below, Plaintiffs' claims cannot stand as FTCA claims. To the extent these claims are intended as state-law medical malpractice claims, they are premature.

Both LSU and Dr. Smith argue that the claims against them should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because they have not been pursued through a medical review panel as required by Louisiana's Malpractice Liability for State Services Act ("MLSSA") and therefore fail to state claim. Record Document 22-1, pp. 5–6; La. R.S. 40:1237.2(B)(1)(a)(i).  Since the claims against LSU have been dismissed on Eleventh Amendment grounds, the Court considers this argument only as it applies to Dr. Smith.

It appears as though Plaintiffs did request a medical review panel in accordance with state law, but no evidence has been submitted that Plaintiffs completed that process.  Record Document 22-2, pp. 1–2.  Instead of presenting evidence of completion of the statutory review process, Plaintiffs argue without citation that the review process mandated under Louisiana law is inapplicable to their federal FTCA claims.  Record Document 30, pp. 8–9.  However, as discussed above, the FTCA permits claims only against the United States for the acts of its employees, not against other parties, and not for the acts of those who are not employees of the United States.  28 U.S.C. §§ 2679, 2671.  Dr. Smith is not a proper defendant in an FTCA action, nor, as discussed above, is he an employee of the United States.  Plaintiffs' claims against Dr. Smith therefore

cannot stand as FTCA claims and must be dismissed with prejudice.

The MLSSA governs medical malpractice actions brought against the state of Louisiana, its agencies, and its employees.  La. R.S. § 40:1237.1 et seq.  It states:

> No action against the state, its agencies, or a person covered by this Part, or his insurer, may be commenced in any court before the claimant's complaint has been presented to a state medical review panel established pursuant to this Section.

La. R.S. § 40:1237.2(B)(1)(a)(i).  A "person covered by this Part" includes the universities, facilities, hospitals, clinics, university health centers, health care units, and the officials and employees thereof who are acting within the course and scope of their duties in providing health care in connection with such a state entity, and a person acting in a professional capacity in providing health care services by or on behalf of the state under a contract with the state to provide such services.  La. R.S. § 40:1237.1(A)(9)(a)(i) & (ii).  Dr. Smith submits a letter sent on behalf of the Louisiana Commission of Administration to Plaintiffs regarding their application for a Medical Review Panel that states that Dr. Smith is a physician covered by the MLSSA and outlines for Plaintiffs the required steps to pursue their action against him before a medical review panel.  Record Document 22-2, pp. 1–2.  Plaintiffs do not dispute that the MLSSA is applicable to Dr. Smith.

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. The court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2009). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Dr. Smith is not subject to claims under the FTCA, as discussed above. Plaintiffs' malpractice claims against Dr. Smith arise under Louisiana state law. Dr. Smith is covered under the MLSSA and malpractice claims against him for medical negligence in performance of his duties under a contract with LSU are premature unless pursued through a medical review panel. See La. R.S. §§ 40:1237.1(A)(4); 40:1237.2(B)(a)(i). See also Thurman v. Louisiana Dep't of Health and Hospitals, 2013 WL 3146923 (W.D. La. 2013) ("In this case, because it is clear that the plaintiff's medical malpractice claims have not been settled or compromised with the state (hence the lawsuit), the plaintiff must first submit his malpractice claim to a state medical review panel . . . . In the absence of any indication that his malpractice claims have been reviewed by a panel, the court will dismiss without prejudice the plaintiff's malpractice claims as premature."). Because Plaintiffs have failed to submit any evidence that their claims against Dr. Smith have been reviewed by a state medical review panel, their claims against him must be dismissed without prejudice.

III.   **Conclusion**

For the reasons explained above, the Court **DENIES AS MOOT** the United States' first motion to dismiss [Record Document 3]. The Court **GRANTS IN PART** the United States' second motion to dismiss [Record Document 16], as follows: (1) all claims against the United States for the conduct of Dr. Smith are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction; (2) the negligent hiring, entrustment, and credentialing claims of Plaintiffs against the United States are **DISMISSED WITHOUT PREJUDICE** as premature; and (3) Plaintiffs' FTCA claims against the OBVAMC, the Department of Veterans Affairs, and any federal employees who were "supervisors, employers, or masters" are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. The motion is **DENIED IN PART** with respect to the claims against the United States for the conduct of Dr. Menger. The Court **GRANTS IN PART** the motion to dismiss filed by LSU and Dr. Smith [Record Document 22], **DISMISSING WITH PREJUDICE** all claims against LSU on the grounds that LSU is immune from suit under the Eleventh Amendment, **DISMISSING WITH PREJUDICE** Plaintiffs' FTCA claims against Dr. Smith for lack of subject matter jurisdiction, and **DISMISSING WITHOUT PREJUDICE** as premature all medical negligence claims brought against Dr. Smith because Plaintiffs have failed to submit any evidence of having properly completed the process of review by a state medical review panel as required by Louisiana law.  The motion is **DENIED AS MOOT** with respect to the arguments made by Dr. Menger, who was terminated from the case.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 23rd day of September, 2016.


_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE